IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Buffalo Seafood House, LLC, et al., <br><br> Plaintiffs, <br> v. <br><br> Republic Services, Inc., et al., <br><br> Defendants. | Case No. 7:22-cv-1242-RMG |
| A+ Auto Service, LLC, <br><br> Plaintiff, <br> v. <br><br> Republic Services of South Carolina, LLC, <br><br> Defendant. | Case No. 2:21-cv-01492-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants' Motion to Dismiss (Dkt. No. 40). Plaintiffs responded in opposition (Dkt. No. 56), and Defendants replied (Dkt. No. 61). Plaintiffs also submitted a sur-reply (Dkt. No. 73). For the reasons set forth below, the motion is granted in part and denied in part.

**I.  Background**

This consolidated, near-nationwide[1] putative class action pertains to allegations that Defendants overcharge their customers by increasing service rates by more than is allowed in a form contract entered with their customers and by imposing fees that are unrelated to the costs Defendants purport justifies them. (Dkt. No. 27, ¶¶ 37-45). Specifically, Plaintiffs allege that Defendants violate the form contract and engage in deceptive and unfair conduct by systematically

---

[1] Excluded from the putative class are residents of Alabama, Arkansas, Louisiana Missouri, and Oklahoma. (Dkt. No. 27, ¶ 56).

1

increasing rates by more than amounts needed to adjust for increases in certain costs. (*Id.*, ¶¶ 34-39). This is the rate increase issue. Plaintiffs also challenge Defendants' charging of Fuel/Environmental Recovery Fees under the form agreement as unrelated to Defendants' actual fuel or environmental costs. (*Id.*, ¶¶ 40-45). This is the Fuel/Environmental Recovery fees issue.

The Plaintiffs in this case are Buffalo Seafood House, LLC ("Buffalo Seafood"), a South Carolina LLC with its principal place of business in South Carolina; Budget Inns of Pensacola, Inc. ("Budget Inns"), a Florida corporation with a principal place of business in Florida; and Garibian & Associates Accountancy Corporation ("Garibian Associates"), a California corporation with a principal place of business in California. (Dkt. No. 27, ¶¶ 13-15).

Plaintiffs here seek to represent different Rate Increase and Fuel/Environmental Recovery Fee subclasses. Buffalo Seafood seeks to represent the South Carolina Rate Increase and South Carolina Fuel/Environmental Recovery Fee Subclasses. Budget Inns seeks to represent the Florida Rate Increase and Florida Fuel/Environmental Recovery Fee Subclasses. Garibian Associates seeks to represent the California Rate Increase and California Fuel/Environmental Recovery Fee Subclasses. (Dkt. No. 27, ¶ 58).

The Defendants in this case are Republic Services, Inc. ("RSI"), Republic Services of South Carolina, LLC ("RSSC"), Browning-Ferris Industries of Florida, Inc. ("Browning-Ferris"), and Allied Waste Systems, Inc. ("Allied Waste"). (*See, e.g.*, *id.*, ¶ 17). All of the Defendants are incorporated in Delaware and have a principal place of business in Arizona. (*Id.*) Plaintiffs allege that RSI wholly owns all of its subsidiaries including the subsidiaries named in this case, RSSC, Browning-Ferris, and Allied Waste. (*Id.*, ¶¶ 18, 19). Plaintiffs also allege that RSI's subsidiaries are mere alter egos of RSI. (*Id.*).

2

Based on these allegations, Plaintiffs have asserted eight counts against Defendants that are organized as follows:

| Count | Issue | Plaintiff(s) | Defendant(s) |
|---|---|---|---|
| Count I – Breach of Contract | Rate Increases | All Plaintiffs | All Defendants |
| Count II – Breach of the Duty of Good Faith and Fair Dealing | Rate Increases | All Plaintiffs | All Defendants |
| Count III – Unjust Enrichment | Rate Increases | All Plaintiffs | All Defendants |
| Count IV – Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) | Rate Increases | Budge Inns | All Defendants |
| Count V – Violation of California Unfair Competition Law (CUCL) | Rate Increases | Garibian Associates | All Defendants |
| Count VI – Unjust Enrichment | Fuel/Environmental Recovery Fees | All Plaintiffs | All Defendants |
| Count VII – Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) | Fuel/Environmental Recovery Fees | Budge Inns | All Defendants |
| Count VIII – Violation of California Unfair Competition Law (CUCL) | Fuel/Environmental Recovery Fees | Garibian Associates | All Defendants |

(*Id.*, ¶¶ 69-153).

Defendants now move to dismiss certain defendants and claims. (Dkt. No. 40 at 1). First, Defendants assert that the Court lacks personal jurisdiction over two non-South Carolina defendants, Browning-Ferris. and Allied Waste. (*Id.*) Second, Defendants assert RSI, Browning-

Ferris, and Allied Waste are not a proper defendants because none of those entities are party to any of the underlying contracts. (*Id.* at 2). Third, Defendants ask the Court to dismiss Plaintiff's unjust enrichment claims because the Plaintiffs have plead the existence of express contracts. (*Id.*). Fourth, Defendants contend that Budget Inns' (Florida) and Garibian Associates' (California) claims should be dismissed under Florida and California unfair practices law. (*Id.*).

The parties have completed briefing on these issues and the matter is ripe for the Court's review.

## II.  Standard

### A.  12(b)(2)

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that grounds for personal jurisdiction exist. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of sufficient jurisdictional basis," and the court must construe relevant allegations in favor of the plaintiff. *Id.* "In deciding whether a plaintiff has proven a prima facie case of personal jurisdiction, a court may consider all parties' pleadings, affidavits, and other supporting documents presented to the court." *Sonoco Products Co. v. ACE INA Ins.*, 877 F.Supp.2d 398, 404 (D.S.C. 2012) (internal quotation marks omitted). "Once a defendant presents evidence indicating that the requisite minimum contacts do not exist, the plaintiff must come forward with affidavits or other evidence in support of its position." *Vision Motor Cars, Inc. v. Valor Motor Co.*, 981 F.Supp.2d 464, 468 (M.D.N.C. 2013).

### B.  12(b)(6)

A Rule 12(b)(6) motion tests the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "court must accept as true all of the allegations contained in a complaint," but cannot accept mere "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. Rather, a plaintiff must allege facts "sufficient to state all the elements of her claim," *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the well-pleaded facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. Discussion

#### A. Defendants Browning Ferris and Allied Waste

Defendants asked the Court to dismiss Browning Ferris and Allied Waste for lack of jurisdiction. (Dkt. No. 40 at 9-13). Defendants argued that these Defendants should be dismissed in part because Browning Ferris and Allied Waste were not contracting parties with any of the Plaintiffs. (*Id.* at 4-5). Based on this representation, Plaintiff did not oppose the dismissal of Browning Ferris and Allied Waste without prejudice and indicated that they only named these two Defendants based on information and knowledge available at the time of filing the complaint. (Dkt. No. 56 at 5-6). Because Plaintiffs do not oppose the dismissal of Defendants Browning Ferris and Allied Waste, the Court dismisses Browning Ferris and Allied Waste without prejudice.

#### B. Defendant RSI

##### 1. Breach of Contract and Breach of Good Faith and Fair Dealing Claims

Based on the theories of alter ego liability, corporate veil piercing, estoppel, and agency, Plaintiffs allege that RSI is liable for breach of contracts that RSI's subsidiaries entered. (Dkt. No. 27, ¶¶ 19, 71, 78). Plaintiffs allege that RSI's subsidiaries, such as RSSC, merely acted as agents and instrumentalities and were the alter ego of RSI. (*Id.*) Plaintiffs additionally allege that the

5

subsidiaries are totally financially dependent on RSI and that RSI uses the funds of the subsidiaries as its own. (*Id.*) Plaintiffs also allege that RSI fails to observe the corporate formalities with its subsidiaries because RSI selects and directs the directors of the subsidies and because RSI controls the calculation, amounts, and timing of the rate increases at issue in this case.

Defendants argue that RSI cannot be held liable for any breach of contract because RSI is not a contracting party. (Dkt. No. 40 at 13-14). Additionally, Defendants argue that Plaintiffs Budget Inns' and Garibian Associates' claims cannot proceed because Plaintiffs failed to allege an alter ego that entered into a contract with Budget Inns or Garibian Associates. (Dkt. No. 61 at 6).

The Court addresses Buffalo Seafood's claims against RSI and Budget Inns' and Garibian Associates' claims against RSI separately below.

    a. **Choice of Law**

As an initial matter, the Court must determine what law to apply to the question of whether equity requires that the Court disregard RSI's corporate form. *See Gourdine v. Karl Storz Endoscopy-America, Inc.*, 223 F.Supp.3d 475, 490 (D.S.C. 2016). "[A] federal court sitting in diversity must apply the choice of law rules of the state in which it sits." *Joye v. Heuer*, 813 F.Supp. 1171, 1173 (D.S.C. 1993) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). The court should apply the law of the state of incorporation to determine whether to pierce the corporate veil. *See Cross by and Through Steele v. XPO Express, Inc.*, 15-cv-2480-BHH, 2018 WL 6071436, at *3 (D.S.C. Apr. 24, 2018); *Addy's Harbor Dodge v. Glob. Vehicles U.S.A. Inc.*, 2013 WL 8368115, at *10 (D.S.C. Dec. 12, 2013), *report and recommendation adopted*, 2014 WL 1779450 (D.S.C. May 5, 2014); *Montague v. Dixie Nat. Life Ins. Co.*, 2010 WL 753342, at *2 (D.S.C. Feb. 26, 2010); *T&S Brass & Bronze Works, Inc. v. Greenfield World Trade, Inc.*, 2009 WL 10678290, at *1 (D.S.C. Mar 12, 2009); *In re Joseph*

*Walker & Company*, 522 B.R. 165, 188 (Bankr. D.S.C. 2014). Here, RSI is incorporated under the laws of the state of Delaware. (Dkt. No. 27, ¶ 27).

Under the laws of Delaware[2], "[t]o prevail under the alter-ego theory of piercing the veil, a plaintiff need not prove that there was actual fraud but must show a mingling of the operations of the entity and its owner plus an 'overall element of injustice or unfairness.'" *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir 2008) (quoting *Harco National Insurance Co. v. Green Farms, Inc.*, 1989 WL 110537, at *4 (Del. Ch. Sept. 19, 1989)). The factors to be considered in determining the extent of mingling between the operations of the entity and its owner are: (1)"whether the corporation was adequately capitalized for the corporate undertaking;" (2) "whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed;" (3) "whether the dominant shareholder siphoned corporate funds;" and (4) "whether, in general, the corporation simply functioned as a facade for the dominant shareholder." *NetJets Aviation*, 537 F.3d at 177. A combination of the factors is required to pierce the corporate veil. *Id.* In addition, there must be "an overall element of injustice or unfairness." *Harco National Insurance Co.*, 1989 WL 110537, at *5.

### b. Buffalo Seafood's Breach of Contract Claims against RSI

The Court finds that Plaintiffs have sufficiently alleged that RSSC is an alter-ego of RSI for Buffalo Seafood's claims to survive dismissal.

---

[2] The veil-piercing analysis under South Carolina law and Delaware la is substantially similar. *Doung v. N. Am. Trans. Servs. LLC*, 2019 WL 13109647, at *10 n.7 (D.S.C. Sept. 25, 2019). Therefore, while the court chooses to apply Delaware law, the Court notes that its analysis would be substantially similar under South Carolina law.

The Plaintiffs have alleged facts in the complaint that, if true, may satisfy Delaware's test for piercing the corporate veil. Specifically, Plaintiffs' allegations that RSI's subsidiaries, including RSSC, carry none of their own capital relate to the first factor relevant to the first prong of Delaware's piercing the veil test. Additionally, Plaintiff's allegations that RSI's subsidiaries, including RSSC, are under complete control of RSI relate to factor four.

### c. Budget Inns' and Garibian Associates' Claims against RSI

The Court finds that Budget Inns and Garibian Associates cannot allege an alter ego theory of piercing the corporate veil because Plaintiffs have agreed to the dismissal of Browning-Ferris and Allied Waste, the subsidiaries whose veil Plaintiffs seek to pierce. Because Browning-Ferris, now dismissed, was the only Florida corporation named in the Complaint, Budget Inns's, who seeks to represent the Florida subclass, breach of contract claim against RSI is dismissed. Similarly, Because Allied Waste, now dismissed, was the only California corporation named in the Complaint, Garibian Associates', who seeks to represent the California subclass, breach of contract claim against RSI is dismissed.

### C. Plaintiff's State Deceptive Trade Practices Act Claim

Defendants argue that Plaintiffs' FDUTPA and CUCL claims must be dismissed for failure to plead with particularity as required under Fed. R. Civ. P. 9(b), and for failure to adequately allege an unfair or deceptive act or omission, or causation, as required to state a claim under the statute.

Allegations of fraud contained in the complaint require greater particularity in their pleading *See* Fed. R. Civ. P. 9(b); *Swierkiewicz v. Sorena N.A.*, 534 U.S. 506, 513 (2002). The circumstances required to be pled with particularly under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the

8

misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). Rule 9 (b) has four purposes:

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

*Id.* at 784; *U.S. ex. Rel. Heater v. Holy Cross Hosp., Inc.*, 510 F.Supp.2d 1027, 1033 (S.D. Fla. 2007) ("Essentially, the requirements of Rule 9(b) are satisfied if the complaint provides a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud such that the defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based.").

First, Defendants argue that Plaintiffs failed to satisfy their pleading burden under Rule 9(b) because Plaintiffs raised allegations against a group of defendants and made no effort to differentiate between Defendants. Defendants correctly note that Plaintiffs group together all four defendants as "Republic" in the state unfair competition portion of the Complaint. But when read in context of the entire complaint, Defendants' argument fails because it ignores the allegations regarding RSI's control of its subsidiaries and the allegations asserting that all management level decisions are made by RSI, including the design implementation, charging, and collecting of fees and rate increases. Accordingly, Defendants have been put on notice of the conduct complained of.

Second, Defendants argue that Plaintiffs have not described the time or place of the alleged false statements, misrepresentations, and omissions, nor identified the person making those statements. This is incorrect because Plaintiffs alleged that Defendants makes misrepresentations

and withholds material information when contracting with customers and every time Defendant sends an invoice charging the Fuel/Environmental Recovery Fee. Additionally, Plaintiff alleged specific persons responsible for the representations and omissions.

Based on these allegations, Plaintiffs have satisfied Rule 9(b) because the complaint provides Defendants with adequate notice of the nature of Plaintiff's claim and the ground upon which it is based. The rationale behind Rule 9(b) has also been satisfied. For example, Defendants have sufficient information to formulate a defense because Defendants have notice of the conduct complained of. Additionally, a Rule 9(b) dismissal here would not protect against a frivolous suit because Plaintiffs other claims, which are based on the same conduct, would remain. Similarly, Defendants will not experience harm to their goodwill and reputation because Plaintiffs other claims are based on the same conduct as their fraud-based claims.

Accordingly, Plaintiffs' FDUTPA and CUCL claims against RSI[3] survive.

### D. Plaintiff's Unjust Enrichment Claim

Defendants assert that Plaintiffs cannot maintain an action for unjust enrichment because Plaintiffs claim they are parties to an express contract. Plaintiffs submit that unjust enrichment causes of action are pleaded in the complaint in the alternative to the breach of contract causes of action.

A plaintiff may plead in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2). At the pleading stage, a plaintiff may seek an unjust enrichment remedy in the alternative breach of contract action. *Donnelly v. Linden Capital Partners III, L.P.*, 2:20-cv-3719-RMG, 2021 WL 5882002, at *4 (D.S.C. Feb. 1, 2021); *Creaturo v. Wells Fargo Bank NA*, 2:11-cv-2798-RMG,

---

[3] The Court notes that the Florida (Browning-Ferris) and California (Allied Waste) Defendants have been voluntarily dismissed. Additionally, RSSC is a South Carolina entity that should not be named as a defendant to claims brought under California or Florida law.

2012 WL 13005318, at *4 (D.S.C. Apr. 30, 2012); *Trevillyan v. APX Alarm Sec. Sys., Inc.*, 2:10-cv-1387-MBS, 2011 WL 11611, at *7 (D.S.C. Jan. 3, 2011). "Generally, a party is not required to make an election of remedies until after the verdict is entered and prior to the entry of judgment." *Trevillyan*, 2011 WL 11611, at *7 (citing *Enhance-It, L.L.C. v. Am. Access Tech., Inc.*, 413 F.Supp.2d 626, 632 (D.S.C. 2006)).

The Court finds that Plaintiffs properly pled unjust enrichment in the alternative (Dkt. No. 27, ¶¶ 83, 118) and denies Defendants' motion as to this issue.

## IV.  Conclusion

For the forgoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' Motion to Dismiss (Dkt. No. 40).

- Defendants Browning Ferris and Allied Waste are dismissed from all claims.

- Plaintiffs Garibian Associates' and Budget Inns' Breach of Contract Claim (Count I), Breach of the Duty of Good Faith and Fair Dealing Claim (Count II), and Unjust Enrichment Claims (Counts III and VI) are dismissed. Plaintiff Buffalo Seafood's Counts I, II, III and VI against Defendants RSSC and RSI survive.

- Defendant RSSC is dismissed from Counts IV, V, VII, and VIII. Plaintiff Budget Inns' FDUTPA Claims (Counts IV and VII) against RSI survive. And Plaintiff Garibian Associates' CUCL Claims (Counts V and VIII) against RSI survive.

- The following table summarizes the surviving claims:

| Count | Issue | Plaintiff(s) | Defendant(s) |
|---|---|---|---|
| Count I – Breach of Contract | Rate Increases | Buffalo Seafood | RSI, RSSC |
| Count II – Breach of the Duty of Good | Rate Increases | Buffalo Seafood | RSI, RSSC |

| Faith and Fair Dealing | | | |
|---|---|---|---|
| Count III – Unjust Enrichment | Rate Increases | Buffalo Seafood | RSI, RSSC |
| Count IV – Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) | Rate Increases | Budget Inns | RSI |
| Count V – Violation of California Unfair Competition Law (CUCL) | Rate Increases | Garibian Associates | RSI |
| Count VI – Unjust Enrichment | Fuel/Environmental Recovery Fees | Buffalo Seafood | RSI, RSSC |
| Count VII – Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) | Fuel/Environmental Recovery Fees | Budget Inns | RSI |
| Count VIII – Violation of California Unfair Competition Law (CUCL) | Fuel/Environmental Recovery Fees | Garibian Associates | RSI |

                                                   _s/Richard Mark Gergel___
                                                   Richard Mark Gergel
                                                   United States District Judge

March 14, 2023
Charleston, South Carolina