# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Buffalo Seafood House LLC, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>Republic Services, Inc., et al.,<br><br>　　　　　Defendants. | Case No. 7:22-cv-1242-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' Motion to Clarify or Reconsider Order on Motion to Dismiss and to permit the amendment of the complaint to add the subsidiaries of Republic Services, Inc. ("RSI") asserts contracted with Plaintiffs Budget Inns of Pensacola, Inc. ("Budget Inns") and Garibian & Associates Accountancy Corporation ("Garibian"). (Dkt. No. 98). Defendants responded in opposition (Dkt. No. 104).

I.   **Background**

This consolidated, near-nationwide[1] putative class action pertains to allegations that Defendants overcharge their customers by increasing service rates by more than is allowed in the form contract at issue and by imposing fees that are unrelated to the costs Defendants purport justifies them. (Dkt. No. 27, ¶¶ 37-45).

Plaintiffs in this case are Buffalo Seafood House, LLC, a South Carolina LLC ("Buffalo Seafood"); Budget Inns, a Florida corporation ("Budget Inns"); Garibian & Associates Accountancy Corporation ("Garibian"), a California corporation, (*Id.*, ¶¶ 13-15); and A+ Auto Service, LLC ("A+ Auto"), a South Carolina LLC. (Dkt. No. 14).

---

[1] Excluded from the putative class are residents of Alabama, Arkansas, Louisiana Missouri, and Oklahoma. (Dkt. No. 27, ¶ 56).

1

Initially, the named Defendants in this case were RSI, Republic Services of South Carolina, LLC ("RSSC"), Browning-Ferris Industries of Florida, Inc. ("Browning-Ferris"), and Allied Waste Systems, Inc ("Allied Waste"). (Dkt. No. 27, ¶ 17). In the Complaint, Plaintiff collectively refers to RSI, RSSC, Browning-Ferris, and Allied Waste as "Republic" or "Defendants." (*Id.* at 1).

Plaintiffs' complaint alleges that RSI wholly owns and controls all of its subsidiaries including the subsidiaries named in this case. (*Id.*, ¶ 19). Plaintiffs further allege that RSI and its subsidiaries operate as a single entity with regard to the conduct at issue in this lawsuit and that RSI's subsidiaries are mere alter egos of RSI and have no independent existence. (*Id.*, ¶ 18).

Plaintiffs' complaint asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment against "Republic," meaning all Defendants. (*See, e.g.*, *id.*, ¶ 72 ("Plaintiffs and each member of the Rate Increase Class have been directly and proximately harmed by Republic's breach of contract in that each paid more than allowed by the contract.")). Additionally, Budget Inns brought Florida Deceptive Unfair Trade Practices claims against "Republic," and Garibian brought California Unfair Competition Law claims against "Republic." (*See, e.g.*, *id.*, ¶ 91 ("Plaintiff Budget Inns of Pensacola, Inc. challenges these practices 'per se,' in that the rate increase conduct Republic engaged in (while it also violates the form agreements Republic enters into with customers) is deceptive and unfair under FDUTPA")).

Accordingly, Plaintiffs causes of actions set forth in the complaint were as follows:

| Count | Issue | Plaintiff(s) | Defendant(s) |
|---|---|---|---|
| Count I – Breach of Contract | Rate Increases | All Plaintiffs | All Defendants |
| Count II – Breach of the Duty of Good | Rate Increases | All Plaintiffs | All Defendants |

| | | | |
|---|---|---|---|
| Faith and Fair Dealing | | | |
| Count III – Unjust Enrichment | Rate Increases | All Plaintiffs | All Defendants |
| Count IV – Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) | Rate Increases | Budget Inns | All Defendants |
| Count V – Violation of California Unfair Competition Law (CUCL) | Rate Increases | Garibian | All Defendants |
| Count VI – Unjust Enrichment | Fuel/Environmental Recovery Fees | All Plaintiffs | All Defendants |
| Count VII – Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA) | Fuel/Environmental Recovery Fees | Budget Inns | All Defendants |
| Count VIII – Violation of California Unfair Competition Law (CUCL) | Fuel/Environmental Recovery Fees | Garibian | All Defendants |

Defendants moved to dismiss certain Defendants and claims. (Dkt. No. 40 at 1). In that motion, Defendants sought to dismiss Browning-Ferris and Allied Waste Systems, Inc. for lack of jurisdiction and as improper parties because Browning-Ferris and Allied Waste were not parties to any of the underlying contracts. (*Id.*). Based on the representation that Browning-Ferris and Allied Waste were not contracting parties, Plaintiffs did not oppose the dismissal of those parties. (Dkt. No. 56 at 5-6). Because Plaintiff did not oppose, the Court dismissed Defendants Browning Ferris and Allied Waste Systems, Inc. from all claims. (Dkt. No. 88 at 5).

After Plaintiffs agreed to dismiss Browning-Ferris and Allied Waste Systems, Inc., Defendants sought to dismiss Budget Inns' and Garibian's breach of contract and breach of good faith and fair

dealing claims against RSI because Plaintiffs failed to name a RSI alter ego that entered into a contract with Budget Inns or Garibian. (Dkt. No. 61 at 6). The Court found that Budget Inns and Garibian could not allege an alter ego theory of piercing the corporate veil because Plaintiffs agreed to dismiss Browning-Ferris and Allied Waste Systems, Inc., the RSI subsidiaries whose veil Plaintiffs sought to pierce. (Dkt. No. 88 at 7). As discussed below, the Court reconsiders this portion of its previous order ruling on Defendants' motion to dismiss (*Id*. at 8).

Defendants also sought to dismiss Budget Inns' and Garibian's state unfair practices claims against RSI. (Dkt. No. 40 at 15). The Court denied Defendants motion on that issue but did find that RSSC, a South Carolina entity, should not be named as a defendant under the California and Florida statutes. (Dkt. No. 88 at 10).

Defendants also sought to dismiss Plaintiffs unjust enrichment claims. (Dkt. No. 40 at 14-15). The Court found that Plaintiffs properly pled unjust enrichment in the alternative and denied Defendants' motion on that issue. (Dkt. No. 88 at 11). In the conclusion, however, the Court, in a scrivener's error, mistakenly dismissed Budget Inns' and Garibian's unjust enrichment claims. (*Id.* at 11-12). As discussed below, the Court reconsiders this portion of its prior order and rules that Budget Inns and Garibian can assert unjust enrichment claims against RSI.

**II.    Standards**

    **A. Motion to Reconsider**

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Assoc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). "The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Saint Annes*

4

*Dev. Co. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (quoting *Am. Canoe*, 326 F.3d at 514–15); *see also Fayetteville Investors v. Commercial Builders*, Inc., 936 F.2d 1462, 1473 (4th Cir. 1991) (interlocutory orders "are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires"). While "[t]he Fourth Circuit has made clear that standards governing reconsideration of final judgments are not determinative of a Rule 54(b) motion, ... courts have appropriately considered those factors in guiding the exercise of their discretion under Rule 54(b)." *TomTom, Inc. v. AOT Sys. GmbH*, 17 F. Supp. 3d 545, 546 & n.2 (E.D. Va. 2014) (citing cases). These courts therefore "generally do not depart from a previous ruling unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Id.* (citing *Am. Canoe*, 326 F.3d at 515). Such issues "rarely arise," and motions to reconsider are rarely granted. *Id.* Courts do not entertain motions to reconsider which ask the Court to "rethink what the Court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 258 (4th Cir. 2018) ("As we have noted on more than one occasion, a prior decision does not qualify for the third exception by being just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong.").

### B. Motion to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure provides that, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) is a "liberal rule [that] gives effect to the federal

policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. V. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

### III. Discussion

#### A. Motion to Reconsider

Since entering its order granting in part Defendants' motion to dismiss, the Court has received (1) Plaintiffs' motion to reconsider (Dkt. No. 98); (2) Defendants' response in opposition (Dkt. No. 104); (3) Defendants' supplemental disclosures, pursuant to the Court's text orders, identifying subsidiaries it alleges contracted with Plaintiffs Budget Inns and Garibian and information regarding lawsuits in which RSI was named Defendant. (Dkt. Nos. 110, 111, 117, and 119); and (4) Plaintiffs' reply to Defendants' disclosures. (Dkt. No. 118). These filings have clarified various factual and legal issues in contest in this action and have persuaded the Court that its dismissal of Budget Inns and Garibian for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment claims were in error.

Plaintiffs allege that RSI's wholly owned subsidiaries are shams and under the control of RSI. The Court at this stage of the litigation must assume these claims are true and must view the Plaintiffs' allegations in a light most favorable to them as the nonmoving party. If, in fact, RSI's subsidiaries are effectively a legal fiction and a sham then Plaintiffs may sue RSI under a number of theories alleging claims of breach of contract and breach of the covenant of good faith and fair dealing without the necessity of naming RSI's subsidiaries as a party. This includes an alter ego theory of liability. *See, e.g., Oklahoma Municipal Power Authority v. American Electric Power*

*Company, Inc.*, No. 08-cv-1055, 2009 WL 10672219 at *2 (W.D. Okla. Feb. 18, 2009) ("A subsidiary is not an indispensable party to a suit against the parent corporation wherein liability of the parent is based upon an alter-ego or instrumentality theory.") (citing *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438 (2d Cir. 1995); *Heinrich v. Goodyear Tire and Rubber Co.*, 532 F.Supp. 1348, 1359 (D. Md. 1982); *Roth v. H.A.T. Painters, Inc.*, 126 F.R.D. 40, 41-42 (E.D. Pa. 1989); *Extra Equipmentos E Exportacao Ltda. v. Case Corporation*, 361 F.3d 359, 364 (7th Cir. 2004)).[2]

The Court further reconsiders its dismissal of the unjust enrichment claim to correct the scriveners error set forth in the conclusion of the order.

The Court grants Plaintiffs motion to reconsider those portions of its prior order dismissing Budget Inns' and Garibian's breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment (Dkt. No. 88 at 8, 10-11) and denies Defendants' motion to dismiss those claims.

**B. Motion to Amend Complaint**

Plaintiffs request leave to amend the Complaint to add each of the subsidiaries listed on the form contracts with members of the near-nationwide putative class (Dkt. No. 98 at 8). Defendants argue that this amendment would be futile because (1) the Court lacks personal

---

[2] The Court addresses below Plaintiffs' motion to amend the complaint to include as parties the subsidiaries that Defendants allege were the contracting parties with Budget Inns and Garibian. Plaintiffs were unable at the time of the filing of the complaint to correctly identify the subsidiaries they were purportedly in contract with. By order of this Court, Defendants have now identified those subsidiaries. (Dkt. No. 117). Defendants identified Allied Waste Services of North America, LLC. d/b/a Allied Waste of Pensacola, Republic Services of Pensacola ("Allied Waste Services LLC"), as the subsidiary which contracted with Budget Inns. (Dkt. No. 117 at 1). Defendants further identified Consolidated Disposal Service, LLC ("Consolidated Waste Service") as the contracting subsidiary with Garibian. (*Id.* at 2). As set forth below, the Court grants the Plaintiffs' motion to amend to add these newly identified subsidiaries. Should Plaintiffs proceed to add those subsidiaries, it would render moot the argument of Defendants that the subsidiaries are necessary parties for Budget Inns and Garibian to assert contract claims against RSI under an alter ego theory.

jurisdiction over any out-of-state RSI subsidiary; (2) South Carolina's Door-Closing Statue forecloses Plaintiffs' request to amend their Complaint to add non-resident subsidiaries as defendants; and (3) Buffalo Seafood lacks standing to assert breach of contract claims on behalf of putative class members who signed contracts with subsidiaries other than RSSC. (Dkt. No. 104 at 16-17).

The Court finds it unnecessary to add to this action at this time all of the subsidiaries of RSI. It would be sufficient at this time to add the properly named subsidiaries RSI alleges were parties to the contracts with Budget Inns and Garibian.

The Court finds Defendants' opposition to the motion to amend to be without merit. First, the Court may have personal jurisdiction over the subsidiaries based on an alter ego theory. "[T]he contacts of a parent corporation and a subsidiary may sometimes be attributed to one another . . . when the parent corporation has sufficient control over the subsidiary, or when the appearance of separateness is actually a sham." *Lismont v. Alexander Binzel Corp.*, No. 12-cv-00592, 2013 WL 6095461, at *8 (E.D. Va. Nov. 18, 2023) (quoting 16 *Moore's Federal Practice* § 108.42[3][b][iv]). Accordingly, the contacts of RSI in South Carolina may be attributed to an out of state subsidiary.

Second, by separate order, the Court has ruled that the South Carolina Door-Closing Statue does not apply here because of the countervailing federal interest in consolidating price and fee increase actions. (Dkt. No.120). Third, the issue of whether Plaintiffs have standing to assert contract claims on behalf of putative class members who contracted with subsidiaries of RSI not parties to this action is best left to the Court's later consideration of Plaintiffs' motion for class certification.

Defendants do not contend that they will be prejudiced by Plaintiffs' amendment to add the subsidiaries which allegedly contracted with Budget Inns and Garibian, and there is no other indication that they would be. RSI has been on notice of this litigation and, thus, is aware of Plaintiffs alter ego theory that RSI's subsidiaries are shell corporations under the control of RSI. Consequently, Plaintiffs' motion to amend to add Allied Waste Services LLC and Consolidated Waste Service as parties to this action is granted.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Reconsider (Dkt. No. 98) is granted in part and denied in part as follows:

1. Plaintiffs' motion to reconsider the dismissal of Budget Inns' and Garibian's causes of action for breach of contract, breach of covenant of good faith and fair dealing, and unjust enrichment against RSI (Dkt. No. 98) is **GRANTED** and Defendants' motion to dismiss those claims (Dkt. No. 40) is **DENIED**;

2. Plaintiffs' motion for leave to amend their complaint to add the recently identified subsidiaries Allied Waste Services LLC and Consolidated Waste Service is **GRANTED**; and

3. Plaintiffs' motion to add the balance of RSI's subsidiaries is **DENIED** at this time without prejudice.

s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

May 30, 2023
Charleston, South Carolina