#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Buffalo Seafood House LLC, *et al.*, <br><br>  Plaintiff, <br> v. <br><br> Republic Services, Inc., *et al.*, <br><br>  Defendant. | Case No. 7:22-cv-1242-RMG <br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants' Motion to Clarify or Reconsider Order on Motion to Compel and Order on Class Member Contact. (Dkt. No. 96). Plaintiffs responded in opposition (Dkt. No. 102), and Defendants replied (Dkt. No. 108).

The Court early addressed Defendants' motion to reconsider the Order on Motion to Compel, but declined to address Defendants' motion to reconsider the Order on Class Member Contact because the class member contact issue was pending for the Fourth Circuit on an interlocutory appeal. (Dkt. No. 124). Defendants have since dismissed the interlocutory appeal. (Dkt. No. 126). The Court now has jurisdiction over the motion to reconsider the Order on Class Member Contact, and it is ripe for the Court's review. For the reasons set forth below, the Court denies Defendants' motion.

**I.   Background**

This putative near-nationwide class action concerns business activities of waste removal company Republic Services, Inc. (RSI) and its subsidiaries, Republic Services of South Carolina, LLC ("RSSC"), Allied Waste Services of North America, LLC ("AWS"), and Consolidated Disposal Service, LLC ("CDS"). (Dkt. No. 126, ¶¶ 1-6). Plaintiffs assert common-law claims for breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment, as well as California and Florida statutory claims, all of which allege that RSI and its subsidiaries

1

raised their service rates and charged fees in excess of those permitted by their contracts for commercial waste hauling services. (*Id.*, ¶¶ 74-158).

Plaintiffs filed a motion to control class contact alleging that Defendants entered into new contracts with putative class members containing arbitration and class waiver provisions that would bar any party who signed the new contracts from participating in or recovering through this litigation. (Dkt. No. 38). The Court granted Plaintiffs' motion and issued the Order on Class Member Contact. (Dkt. No. 92). The Court ordered the following regarding Defendants practice of entering into new agreements with its customers:

1. Defendants may enter into new agreements with putative class members as part of its standard business practices, but if such agreements purport to limit class members' rights in this litigation, Defendants must fully disclose to those customers the existence of this litigation and the consequence of executing the new agreement. When notifying those customers of the litigation, Defendants shall also notify the customers of their rights to contact class counsel before entering the new agreement and provide class counsel's contact information.

2. Defendants shall notify all putative class members (or former putative class members) who entered into a new agreement containing an arbitration and/or class waiver provision after March 2019 of the existence and allegations of the litigation and of the right to contact class counsel. Defendants shall also provide such customers the opportunity to replace the new agreement with the prior contract's standard terms.

(*Id.* at 4-5).

In the current motion to reconsider, Defendants raise four purported ambiguities in the Court's Class Contact Order that leave Defendants uncertain of their obligations. (Dkt. No. 96 10-

2

12). First, Defendants claim that it is unclear who the Court meant when it ordered "Defendants" to comply with its Order. (*Id.* at 11). Second, Defendants claim it is "unclear which customers are entitled to notice." (*Id.*) Third, Defendants argue no terms in the new contracts negotiated with existing customers purport to limit class members' rights in this litigation. And fourth, Defendants claim that the new contracts do not create "former putative class members."

Additionally, Defendants seek clarification that the Class Contact Order does not restrict unnamed RSI subsidiaries and their customers and argues that the Court does not have jurisdiction to limit communications of unnamed subsidiaries. (*Id.* at 12-14).

Plaintiffs responded in opposition, (Dkt. No. 102), and Defendants replied (Dkt. No. 108). The matter is now ripe for the Court's review.

## II.     Standard

Rule 54(b) governs the Court's reconsideration of interlocutory orders. Fed. R. Civ. P. 54(b). Where a district court issues an interlocutory order such as one for partial summary judgment "that adjudicates fewer than all of the claims," the court retains discretion to revise such an order "at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Compared to motions to reconsider final judgments pursuant to Rule 59(e), Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light. *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 326 (4th Cir. 2017).

The discretion Rule 54(b) provides is not limitless. Courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case. *Carlson*, 856 F.3d at 325 (citing *Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515-16 (4th Cir. 2003)) (internal citations omitted). The law-of-the case doctrine provides that in the interest of finality, "when a court

decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Carlson*, 856 F.3d at 325 (citing *TWFS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009)) (internal citations omitted). Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence;" (2) a change in applicable law; or (3) clear error causing "manifest injustice." *Carlson*, 856 F.3d 320. This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." *Carlson*, 856 F.3d at 325 (citing *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

## III.    Discussion[1]

The Court is compelled to reiterate the purpose of the Class Contact Order: To prevent communications that coerce prospective class members into excluding themselves from the litigation.

The Court now addresses Defendants arguments below.

### A. Who Must Comply with the Class Contact Order?

First, Defendants claim that it is "unclear" who the Court meant when it ordered "Defendants" to comply with the Class Contact Order. (Dkt. No. 96 at 11). The Court clarifies that Defendants includes RSI, RSSC, AWS, and CDS. Additionally, based on the Court's reasoning in its Order denying Defendants motion to dismiss for lack of jurisdiction (Dkt. No. 144), the Court

---

[1] Many of Defendants arguments in the current motion rely on the Court's Dismissal Order (Dkt. No. 88). Since the filing of this motion to reconsider, the Court reconsidered its Dismissal Order (Dkt. No. 122) and Plaintiffs have filed a Second Amended Complaint (Dkt. No. 126). Accordingly, Defendants arguments based on the Court's Dismissal Order (Dkt. No. 88) are moot. In this section, the Court addresses Defendants other arguments.

4

finds that any RSI subsidiary, named or unnamed in this case, shall comply with the Class Contact Order. The Court makes this finding based on the allegations that RSI and its subsidiaries act as a single enterprise and that the RSI subsidiaries are alter egos of RSI.

### B. Which Customers are Entitled to Notice?

Second, Defendants claim that it is "unclear which customers are entitled to notice." (Dkt. No. 96 at 11). The Class Contact Order states that it applies to "putative class members." The Court clarifies that "putative class members" means the classes specifically proposed in Plaintiff's Second Amended Complaint ("SAC"). (Dkt. No. 126, ¶¶ 54-67). At this point, "putative class members" may include customers of RSI subsidiaries not named in the Complaint.

### C. New Contracts Effect on Existing Customers Rights

Third, Defendants argue that the class waiver provision in the new contract does not apply to claims arising before it was signed. (Dkt. No. 96 at 11). The Court rejects this argument based on the language of the arbitration provision in the new agreements. The arbitration provision in the new agreements state that "Customer and Company agree that any and all existing or future controversy or claim between them arising out of or related to this Agreement . . . or arising prior to, in connection with, or after the termination of this Agreement . . . shall be settled by arbitration . . . ." (Dkt. No. 38-3). The Court finds that the "any and all existing" and "prior to" language may affect claims under the prior contracts, and thus affect the customers rights in this litigation.

### D. New Contracts Creation of Former Putative Class Members

Fourth, Defendants claim that the new contracts do not create "former putative class members" to which the Order could be applied. (Dkt. No. 96 at 11). The Class Contact Order states that "*putative class members (or former putative class members)* who entered into a new agreement containing an arbitration and/or class waiver provision after March 2019 of the

5

existence and allegations of the litigation and of the right to contact class counsel" (Dkt. No. 92 at 5 (emphasis added)). The order applies to "putative class members" as well as "former putative class members." The Court agrees with Plaintiff that Defendants argument is irrelevant because the Class Contact Order applies to customers who entered into the new agreements regardless of whether the new agreement removed that customer from the putative class.

### E. Limiting Communications of Unnamed RSI Subsidiaries

Lastly, Defendants seek clarification that the Class Contact Order does not restrict unnamed RSI subsidiaries and their customers and argues that the Court does not have jurisdiction to limit communications of unnamed subsidiaries. As mentioned above, the Class Contact Order does apply to unnamed RSI subsidiaries. To address Defendants jurisdiction argument, the Court incorporates is reasoning in its Order on Defendants motion to dismiss for lack of jurisdiction (Dkt. No. 144). The Court finds that it does have jurisdiction to Order unnamed RSI subsidiaries to comply with the Class Contact Order based on the allegations that RSI and its subsidiaries act as a single enterprise and that the RSI subsidiaries are alter egos of RSI.

### IV. Conclusion

For the reasons state above, the Court **DENIES** Defendants' motion to reconsider the Order on Class Member Contact.

s/Richard M. Gergel_____
Richard Mark Gergel
United States District Judge

August 21, 2023
Charleston, South Carolina