# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Buffalo Seafood House LLC, *et al.*, | Case No. 7:22-cv-1242 |
| Plaintiffs, | |
| v. | **ORDER** |
| Republic Services, Inc.*, et al.*, | |
| Defendants. | |

The Court conducted a hearing on December 21, 2023, to address Defendants' Motion for Relief (Dkt. No. 180), Plaintiffs' Fourth Motion to Compel (Dkt. No. 181), Defendants' Motion to Compel (Dkt. No. 184) and Defendant's Motion to Amend the Current Scheduling Order (Dkt. No. 188). After reviewing each of the issues raised by the filings and respective responses, the Court rules as follows.

### A. Defendants' Motion for Relief (Dkt. No. 180)

As explained at the hearing, the Court will not tolerate speaking objections and other improper deposition conduct by Plaintiffs' counsel. The Court noted on the record the potential sanctions that Plaintiffs' counsel may face if such conduct continues. As of now, the Court denies without prejudice Defendants' Motion for Relief.

### B. Plaintiffs' Fourth Motion to Compel (Dkt. No. 181)

Plaintiffs request the Court to compel Defendants to (1) produce an unredacted version of the subsidiary mapping spreadsheet, (2) provide Republic Services, Inc.'s former Chief Operating Officer Tim Stuart for deposition, and (3) produce records regarding Republic Services, Inc's collection, lien, and lawsuit practices. (Dkt. No. 181).

Defendants object to producing an unredacted version of the subsidiary mapping spreadsheet, arguing that the redacted information is protected by the attorney-client privilege and

the work product doctrine. (Dkt. No. 192 at 3-4). The Court could not discern the nature of the redacted information and orders Defendants to produce *in camera* an unredacted version of the subsidiary mapping spreadsheet for the Court's review. Defendants may submit with the document a statement describing their position that the redacted information should not be subject to discovery. Defendants shall make this *in camera* submission within 15 days of this Order.

Defendants argue that they "cannot force the deposition of Mr. Stuart, who through his own counsel moved to quash [Plaintiffs' subpoena for deposition]" in Arizona Federal Court. (*Id.* at 8). The motion to quash is currently pending before the Arizona District Court. The Court here will not interfere with the Arizona District Court's decision on Mr. Stuart's motion to quash and denies without prejudice Plaintiffs' motion to compel Republic Services, Inc to produce Mr. Stuart for deposition.

Plaintiffs argue that Republic Services, Inc., at the corporate level, aggressively pursues customers who cannot pay the rate increases and fees at issue in this case. (Dkt. No. 181 at 6). Plaintiffs argue that this information is relevant to Defendants defenses in this case. (*Id.*) Defendants argue that Republic Services, Inc does not possess collection action information and that the few instances in which Republic Services, Inc. was a named party in a collection action were inadvertent filings that were eventually corrected. (Dkt. No. 192 at 9-10). The Court heard from the parties on the relevance of the requested documents and considered the burden to Defendants to produce such information for all of Republic Services, Inc's subsidiaries. The Court finds that the collection action information may be relevant to Plaintiffs' alter ego theory, but also notes the burden of producing irrelevant information if Republic Services, Inc is only named inadvertently in certain isolated collection actions. Accordingly, the Court orders Defendants to produce initially all complaints and amended complaints in collection actions from January 1, 2016

to the present for all of Republic Service, Inc's South Carolina subsidiaries. Defendants are further ordered to produce all retainer agreements between Defendants and law firms handling the South Carolina collection actions in effect during the period January 1, 2016 to the present.

### C. Defendants' Motion to Compel (Dkt. No. 184)

Defendants moved to compel 30(b)(6) deposition of Plaintiff Garibian & Associates. (Dkt. No. 184). The parties indicated at the hearing that they have reached an agreement regarding this deposition, and Defendants have filed a withdrawal of their motion (Dkt. No. 193).

### D. Defendants' Motion to Amend Scheduling Order (Dkt. No. 188)

Defendants request an extension to the expert schedule to allow Defendants' expert an additional 30 days to complete its written report; and for a corresponding 30-day adjustment as to the dates for when Plaintiffs must file a class certification motion, for when Defendants must file a response, and for when Plaintiffs must file a reply. (Dkt. No. 188 at 1). Plaintiffs agreed to the 30-day extension at the hearing. Accordingly, the Court extends the above listed deadlines by 30 days. The parties shall submit to the Court an amended proposed scheduling order with 15 days of this order.

**AND IT IS SO ORDERED**

_s/Richard M. Gergel_____
Richard Mark Gergel
United States District Judge

December 21, 2023
Charleston, South Carolina